# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES CADY and <br> JOHN WRAY, on behalf of <br> themselves and all others similarly <br> situated, <br><br>           Plaintiffs, <br><br> v. <br><br> R&B SERVICES – WICHITA, LLC, <br> R&B SERVICES – HOLDINGS, LLC, <br> SCOTT M. RYAN, <br> STEPHEN D. BLASDEL, and <br> RYAN BLASDEL, <br><br>           Defendants. | Case No. 13-1331-KHV |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiffs' motion to compel discovery responses (Doc. 28). On March 25, 2014, the court conducted a telephone conference to discuss and clarify the issues presented in the briefs. Plaintiffs appeared through counsel, Sean McGivern and Nathan Elliott. Defendants appeared through counsel, Molly Gordon. For the reasons set forth below, plaintiffs' motion shall be GRANTED.

### Background

Plaintiffs are former employees of defendants' EconoLube auto service shop in Wichita, Kansas. James Cady was employed from approximately 2009 to July 2013, first as a technician and later as a shop manager. John Wray was employed as a technician from approximately 2010 to July 2012. In addition to EconoLube, the defendants own

and operate four Meineke Car Care Centers in both Kansas and Oklahoma. Defendants admit that each business shares a common ownership structure: a partnership between Ron Ryan, Stephen Blasdel, Scott Ryan and Ryan Blasdel.[1]

Plaintiffs claim that they and the putative class members are those non-exempt employees of defendants who worked more than 40 hours per workweek and were compensated with bonuses or commissions that were not factored into their regular rates, or were not paid for all hours worked. Plaintiffs allege that these pay practices violate the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiffs contend that defendants applied the same compensation policies to other employees throughout their automobile service enterprise and seek certification as a collective action under 29 U.S.C. § 216(b).

Defendants assert that the method and manner of compensation differs between the Econolube where the plaintiffs were employed and other franchises operated by the defendants, and that any collective action is inappropriate because the purported plaintiffs are not similarly situated. Defendants deny any FLSA violations.

## Plaintiffs' Motion to Compel (Doc. 28)

In November 2013, plaintiffs served the corporate defendants with their First Set of Interrogatories and First Requests for Production of Documents. Defendants timely provided initial responses to both sets of requests and the parties exchanged correspondence regarding defendants' objections and lack of responses. Defendants later provided supplemental responses only as to the named plaintiffs. Upon review of the

---

[1] Ron Ryan is not a named defendant. *See* Answer to First Amd. Compl., Doc. 13, ¶1; Aff. of Ryan Blasdel, Doc. 32, Ex. A; *see also* Defs.' Suppl. Resp. to Interrog No. 13, Doc. 27, Ex. B.

parties' correspondence and counsel's reports during the March 25, 2014 telephone conference, the court finds that the parties have adequately conferred as required by D. Kan. Rule 37.2. As explained in greater detail below, plaintiffs request that the court order defendants to identify putative class members and produce evidence of pay practices concerning those employees.

## I. Legal Standards

Defendants' objections focus on relevance. Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Relevance is broadly construed at the discovery stage[2] and discovery relevance is minimal relevance,[3] which means a request should be deemed relevant if there is any possibility that the request will lead to the discovery of admissible evidence.[4]

The party requesting discovery bears the low burden of showing the request to be relevant on its face, but after facial relevance is established, the burden shifts to the party resisting discovery.[5] "The party opposing discovery is required to come forth with more than a mere conclusory statement that the discovery is irrelevant and must specifically demonstrate how the request is not reasonably calculated to lead to the discovery of

---

[2] *Nkemakolam v. St. John's Military Sch.*, 2013 WL 5551696, at *3 (D. Kan. Oct. 7, 2013) (citing *Smith v. TCI*, 137 F.R.D. 25, 26 (D. Kan 1991)).
[3] *Teichgraeber v. Memorial Union Corp. of Emporia State University,* 932 F.Supp. 1263, 1265 (D.Kan.1996) (internal citation omitted).
[4] *Nkemakolam*, 2013 WL 5551696, at *3 (citing *Smith*, 137 F.R.D., at 26).
[5] *See Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006).

admissible evidence."[6] The decision to grant a motion to compel is a matter of discretion for the court.[7] "Courts should lean towards resolving doubt over relevance in favor of discovery."[8]

Section 216(b) collective actions "require a broader scope of discovery in order to identify those employees who may be similarly situated, and who may therefore ultimately seek to opt into the action."[9] The United States Supreme Court in *Hoffman-LaRoche v. Sperling*[10] allowed plaintiff to discover the names and addresses of all similarly situated employees. Following the Supreme Court's lead, other judges in this district have allowed plaintiffs to discover identifying information about other potential plaintiffs.[11] As reasoned by Judge Waxse in *Hammond v. Lowe's Homes Centers*,

> Although these interrogatories seek information on employees presently not parties to this litigation, the opt-in provision of the FLSA requires some procedure for identifying and notifying the potential class members. The first step is to identify those employees who may be similarly situated and who may therefore ultimately seek to opt into the action.[12]

Therefore, relevance in this proposed collective action includes those requests that would lead to the discovery of admissible evidence tending to show that the putative class members were the victims of a single decision, policy, or plan.

---

[6] *Jackson v. Coach, Inc.*, 2008 WL 782635, at *4 (D. Kan. Mar. 20, 2008)(citing *Teichgraeber*, 932 F.Supp. at 1266)).
[7] *G.D. v. Monarch Plastic Surgery, P.A.*, 239 F.R.D. 641, 644 (D. Kan. 2007) (citing *Martinez v. Schock Transfer & Warehouse Co.*, 789 F.2d 848, 850 (10th Cir. 1986)).
[8] *Jackson*, 2008 WL 782635, at *4 (citing *Teichgraeber,* 932 F.Supp. at 1266) (internal citations omitted).
[9] *Hammond v. Lowe's Homes Centers* 216 F.R.D. 666, 671 (D. Kan. Aug. 15, 2003).
[10] 493 U.S. 165, 170 (1989).
[11] *See Griffin v. Home Depot USA, Inc.*, 2013 WL 1304378, at *4-5 (D. Kan. March 28, 2013); *Allen v. Mill-Tel*, 283 F.R.D. 631, 635-37 (D. Kan. April 18, 2012); *Hammond*, 216 F.R.D. at 672-73.
[12] *Hammond*, 216 F.R.D at 673.

**II.     Requests at Issue**

Plaintiffs ask the court to order defendants to fully respond to Interrogatory Nos. 2, 3, 4, 5, 6, and 7 and to Request Nos. 1, 2, 3, 5, 6, 7, and 10.  Generally, plaintiffs seek the identification of other potential class members ("covered employees"), evidence of those employees' compensation, and information regarding defendants' compensation policies and practices.  In both sets of requests, plaintiffs defined the "relevant period" to be the period beginning on September 9, 2010 to the present.  Plaintiffs defined "covered employee" as:

> Any employee who at any time during the Relevant Period: (a) was compensated with commissions, bonuses, or profit sharing which was not factored into the employee's regular rate of pay; (b) was not compensated for all hours worked, including but not limited to attendance at meetings for which the employee was not compensated; and/or (c) had a penalty or penalties deducted from the employee's compensation.[13]

Plaintiffs assert that the information requested will allow them to identify similarly-situated employees.

**A.  Interrogatory Nos. 2, 3, 6 and 7**

Plaintiffs' Interrogatory No. 2 asks defendants to identify all covered employees who were employed during the relevant period, and to disclose each covered employee's dates and location of employment.  Although defendants provided information in their supplemental responses as to the two *named* plaintiffs, they object and decline to identify other employees on the basis that the request is "premature as not relevant to the claims of the two plaintiffs."  Defendants maintain that information about the individual putative

---

[13] Pls.' First Interrog., Doc. 29, Ex. A, at 5; Pls.' First Req. for Prod., Ex. B, at 7.

plaintiffs is highly confidential and not relevant during the pre-certification stage of litigation.

Interrogatory No. 3 asks defendants to disclose the job titles and duties for each covered employee. Interrogatory No. 6 seeks information regarding the method by which any covered employees recorded their work hours, whether manually or electronically, how those work hours were reported to defendants, and how defendants recorded and maintained those work hours. Interrogatory No. 7 asks defendants to describe how defendants' payroll is processed for any covered employees including, but not limited to, whether defendants have a centralized payroll system, whether the system is manual or computerized, what software programs are used, what back-up systems might exist and the methods by which defendants access payroll information and records. Defendants maintain their objections to all requests as to any potential class members.

Judge Waxse and Judge Sebelius have differing views about the scope of information discoverable during the pre-certification stage of discovery.[14] However, they have generally agreed to allow the identification of class members by name, contact information, and location where they worked, along with disclosure of the employer's policies and practices regarding payroll matters.[15] Defendants cite judicial decisions in other federal districts which hold otherwise; however, this court finds those arguments unpersuasive given the existing case law in this district. The court therefore finds that

---

[14] *See, e.g., Hammond*, 216 F.R.D. at 673 (allowing discovery of identifying information as well as employment start and end dates, base salary, timing and amount of increases in base salary, and deductions from salary); *but see Allen*, 283 F.R.D. at 635-37 (finding that plaintiff had not met its burden to show relevance as to information regarding putative plaintiffs' compensation, hours worked, and deductions from salary).

[15] *See Hammond*, 216 F.R.D. at 673 (citing *Hoffman-LaRoche*, 493 U.S. at 170); *Griffin*, 2013 WL 1304378, at *4-5; *Allen*, 283 F.R.D. at 635-37.

defendants have not met their burden to show lack of relevance, and finds the information requested in Interrogatories 2, 3, 6 and 7 to be both relevant and necessary to plaintiffs' determination of whether other identified employees are in fact similarly situated.

Other than relevance, defendants assert no other objections and have neither claimed nor produced any evidence that generating such information would create an undue burden. Even had such argument been urged, the court would be inclined to overrule that objection. Although plaintiffs have presented facts demonstrating a reasonable likelihood that the defendants applied the same payroll policies to all their service shops,[16] defendants operate only five locations. During the March 25, 2014 telephone conference, plaintiffs' counsel estimated the number of covered employees could be fewer than twenty. Having established relevance, and without a demonstrated burden on defendants, "there is no compelling reason to limit the discovery sought."[17] Therefore, plaintiffs' motion to compel defendants' responses to Interrogatory Nos. 2, 3, 6, and 7 is GRANTED.

### B. Interrogatory Nos. 4 and 5

Interrogatory Nos. 4 and 5 seek specific information regarding the compensation of each covered employee. Interrogatory No. 4 includes 14 subparts aimed at gathering details including: each covered employee's base compensation; additional compensation including overtime, bonuses, commissions and profit-sharing; the policies, practices and procedures which authorized such compensation; any deductions or penalties from each

---

[16] Defendants' Employee Handbook states that its policies are applicable to both its Econolube and Menineke Stores. *See* "Employee Handbook," Doc. 27 at Ex. D.

[17] *In re Bank of Am. Wage & Hour Employment Practices Litig.*, 275 F.R.D. 534, 540-41 (D. Kan. 2011)

7

employee's pay; and the policies regarding those deductions. Interrogatory No. 5 seeks identification of those employees' classification as exempt under the FLSA's minimum and/or overtime pay provisions.

Although discovery of the identification of putative plaintiffs and general policies controlling their compensation has generally been allowed, some limits have been set on disclosure of the specific compensation of non-parties.[18] Interrogatory Nos. 4 and 5 are substantially similar to the categories of discovery allowed in *Hammond*, and this court could allow the discovery using the same rationale. However, the unusual procedural posture of this case requires distinctive analysis.

The underlying question which creates disparity between *Hammond* and *Allen* is whether, at the precertification stage, the requested discovery exceeds what is necessary to determine whether employees are similarly situated and instead reaches merit-based discovery. In this case, however, the parties did not agree to the two-stage discovery process typically utilized in proposed collective actions cases.[19] The parties' merit-based discovery deadline is June 2, 2014.[20] Defendants request that they not be required to produce confidential information about putative class members until after the district court rules on the pending motion to conditionally certify,[21] but that approach is simply unworkable because it is highly likely that the ruling on certification could come after the

---

[18] *See* discussion *supra* Section I.A. and note 14.
[19] *See Griffin*, 2013 WL 1304378, at *4 (discussing the two-stage approach for determining whether plaintiffs are "similarly situated" as set out by the Tenth Circuit in *Theissen v. General Electric Capital Corp.*, 267 F. 3d 1095, 1102-05 (2001)).
[20] Scheduling Order, Doc. 18.
[21] Plaintiffs' Motion for Conditional Certification (Doc. 26) ripened on March 19, 2014.

close of discovery. After considering the specific facts and circumstances of this case, the court finds that the discovery is relevant and necessary.

Defendants raise concerns about the confidential nature of this information, particularly as to those employees who may never become parties if the collective action is not certified. Defendants offer no explanation why a protective order would be inadequate to deal with the disclosure of such confidential information. As previously noted, defendants lodge no other objections to the requests. Because the court finds the discovery relevant at this stage of the litigation, defendants' objections are overruled and plaintiffs' motion to compel answers to Interrogatories 4 and 5 is GRANTED.

### C. Requests for Production

Plaintiffs request that defendants be ordered to respond in full to their Request for Production Nos. 1, 2, 3, 5, 6, 7, and 10. Defendants lodge no specific objections to separate requests, but merely repeat their objection of prematurity based on relevance.

Each disputed request corresponds directly to the interrogatories discussed above. Request No. 1 seeks all documents identified in plaintiffs' First Set of Interrogatories. Request No. 2 demands production of defendants' operations and employee manuals and policies which describe the job duties, compensation, or compensation structure applicable to the covered employees. Because this request involves the employer's policies and practices regarding payroll matters, this information is discoverable for substantially the same reasons discussed in Interrogatory Nos. 2 and 3 above.

Request No. 3 seeks payroll records including hours worked, compensations provided, and deductions to the employees' pay. In Request No. 5, plaintiffs ask for

9

documents which reflect overtime pay issues or compliance or compensatory time off regarding the covered employees. Similarly, Request No. 6 involves any written authorizations or agreements for deductions to compensation. These requests are directly related to Interrogatory No. 4 discussed above and the documents requested are likewise found to be relevant.

Request No. 7 seeks documents reflecting policies and procedures of the defendants regarding the recording of the hours worked by covered employees. This request is directly related to Interrogatory No. 6 discussed above and the information requested is found to be relevant.

Request No. 10 asks defendants to produce any wage complaints, and any related investigatory documents, made by any covered employees during the relevant period. The court finds that defendants have not met their burden to dispute relevance[22] and they have set forth no other basis for withholding the information. Therefore, plaintiffs' motion to compel responses to their First Request for Production Nos. 1, 2, 3, 5, 6, 7, and 10 is GRANTED.

### III. Payment of Expenses

Pursuant to Federal Rule of Civil Procedure 37(a)(5), if a motion to compel is granted, the court must require the party whose conduct necessitated the motion to pay the movant's expenses incurred in making the motion unless circumstances make such an award unjust. Plaintiffs did not request sanctions, and after consultation with counsel, the

---

[22] *See, e.g.*, *Hammond*, 216 F.R.D. at 674 (allowing identification of former or current employees who had provided deposition or trial testimony in any FLSA complaint).

court finds it appropriate and just for the parties to bear their own expenses incurred in connection with this motion to compel.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to compel (**Doc. 28**) is **GRANTED**, consistent with the rulings herein. Defendants shall provide the information ordered produced by **April 11, 2014**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 1st day of April 2014.

_s/ Karen M. Humphreys_____
KAREN M. HUMPHREYS
United States Magistrate Judge